**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **CHRISTOPHER SCOTT,** | ) | |
| **No. R31806,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 15-cv-00028-SMY** |
| | ) | |
| **RICHARD HARRINGTON,** | ) | |
| **STEVEN NWAOBASI,** | ) | |
| **RUPPERT,** | ) | |
| **M. MOLDENHAUER, and** | ) | |
| **F. FUENTES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Christopher Scott, an inmate in Menard Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights related to the medical care he was afforded when he fractured and displaced the fifth metacarpal of his right hand—his little finger.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) Screening.– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal.– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557.   At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, on December 17, 2013, Plaintiff was involved in a fight among several inmates.  Guards broke up the fight, handcuffed Plaintiff's hands behind his back, and took Plaintiff to the health care unit for medical care.  Dr. Ruppert x-rayed Plaintiff's hand and confirmed that Plaintiff's little finger was fractured.  Dr. Ruppert consulted with Dr. Fuentes and they agreed on the diagnosis and stated that surgery was needed.  Nevertheless, Ruppert and Fuentes chose not to contact Wexford Health Sources (the contract health care provider for the prison) to get approval to send Plaintiff to a specialist for treatment.  Instead, Plaintiff's hand was placed in a cast.  Plaintiff asserts that Drs. Ruppert and Fuentes were deliberately indifferent and driven to save the prison money.  Plaintiff immediately submitted an emergency administrative grievance, which Warden Richard Harrington deemed not to be an emergency.  Refiling the grievance as a non-emergency was to no avail.

Plaintiff continued to experience severe pain and he began to have a burning sensation. Dr. M. Moldenhauer examined Plaintiff on January 6th and 28th, and again on February 6th.

According to Plaintiff, Dr. Moldenhauer attempted a "cover-up" by not properly recording Plaintiff's subjective complaints, and falsely reporting that Plaintiff had good finger movement and the like.  Plaintiff received no effective medical treatment from Dr. Moldenhauer and remained in severe pain.

On February 19th, Dr. Ruppert and Dr. Nwaobasi removed the cast, examined Plaintiff and x-rayed his hand.   According to Plaintiff, his finger was visibly deformed, out of alignment and discolored, but—contrary to what the x-rays revealed—Dr. Ruppert and Dr. Nwaobasi both opined that all was well.  Dr. Nwaobasi's medical report exaggerated how well Plaintiff could move his fingers and make a fist, and failed to record pain and swelling.  Plaintiff requested and was denied a front-cuff permit, a low-bunk permit and physical therapy.  The doctors instructed him to buy a handball at the commissary—presumably to aid in regaining grip strength.

Plaintiff continued to have severe pain, numbness and loss of movement and feeling in his fingers.  He was seen by Dr. Nwaobasi on March 29, 2014.  Dr. Nwaobasi concluded that Plaintiff's finger was malaligned, and he had a flexion deformity.  A subsequent x-ray confirmed that diagnosis, and Dr. Ruppert concurred.  Plaintiff was referred to an orthopedic specialist.

Plaintiff contends Drs. Ruppert, Fuentes, Moldenhauer and Nwaobasi were each deliberately indifferent to his serious medical needs, and that they failed to follow prison rules regarding the provision of necessary medical care—leaving Plaintiff in severe pain for 64 days, causing him to have complications, and resulting in irreparable injury and chronic pain.  Plaintiff further asserts that Warden Harrington also denied him proper care, in that Harrington denied his grievance(s), instead supporting the defendant physicians' unconstitutional course of treatment. In addition to citing the Eighth Amendment, the complaint references the Due Process Clause of the Fourteenth Amendment.

Plaintiff seeks nominal, compensatory and punitive damages against each defendant in his or her respective individual and official capacities.

Based on the allegations in the complaint, the Court finds it convenient to frame the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:  Defendants were each deliberately indifferent to Plaintiff's serious medical needs, in violation of the Eighth Amendment; and**
>
> **Count 2:  Each Defendant's deliberate indifference to Plaintiff's serious medical needs denied Plaintiff due process, in violation of the Fourteenth Amendment.**

## Discussion

### Official Capacity Claims and Damages

Each named defendant is sued in both their respective individual *and* official capacities. Furthermore, Plaintiff seeks monetary damages against each defendant in their individual *and* official capacities. Relative to the official capacity claims, the Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Furthermore, the Eleventh Amendment bars suits against states in federal court for money damages. *See Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). Therefore, all claims against all Defendants in their official capacities will be dismissed with prejudice.

### Count 1

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. U.S. CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Prison officials can violate the Eighth

Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). Physicians, however, are entitled to deference in treatment decisions "unless no minimally competent professional would have so responded under similar circumstances." *Sain v. Wood*, 512 F.3d 886, 894–95 (7th Cir. 2008); *see Duckworth v. Ahmad*, 532 F.3d 675, 682 (7th Cir. 2008). Proving deliberate indifference requires more than a showing of negligent or even grossly negligent behavior; the equivalent of criminal recklessness is required for liability. *Farmer v. Brennan*, 511 U.S. 825, 835-37 (1994).

The complaint presents colorable Eighth Amendment claims against Drs. Ruppert, Fuentes, Moldenhauer and Nwaobasi regarding how Plaintiff's injuries were treated. Count 1 shall proceed against those four defendants.

The complaint, however, fails to state a colorable Eighth Amendment claim against Warden Harrington. Because personal involvement is required for liability to attach, the *respondeat superior* doctrine—supervisor liability—is not applicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Accordingly, Harrington cannot face liability merely because he is the chief administrative officer of the prison. Wardens and top level administrators are "entitled to relegate to the prison's medical staff the provision of good medical care." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). More to the point, Warden Harrington was adjudicating the administrative grievance—whether it qualified for emergency consideration—

not providing medical care.   The grievance reflected that Plaintiff had received treatment and there is no suggestion that the warden had any medical expertise.   Warden Richard Harrington will, therefore, be dismissed from Count 1.   In an abundance of caution, dismissal will be without prejudice.

### Count 2

The complaint alleges that each defendant's deliberate indifference to Plaintiff's serious medical needs constituted a denial of due process, in violation of the Fourteenth Amendment. The Fourteenth Amendment guarantees that no state "shall deprive any person of life, liberty, or property, without due process of law."   U.S. CONST., amend. XIV.

Count 2 muddles the legal principles underlying the Eighth and Fourteenth Amendments. Relative to the alleged denial of proper medical care (presented in Count 1 as an Eighth Amendment claim), it appears that Plaintiff is merely attempting to attach an additional label to a single claim.   The Court analyzes similar claims under the most "explicit source[s] of constitutional protection."   *Graham v. Connor*, 490 U.S. 386, 395 (1989); e.g., *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (recognizing that a claim "gains nothing by attracting additional constitutional labels").   The only apparent connection to the Fourteenth Amendment and the denial of proper medical care appears to be that the Eighth Amendment is applicable to the states by and through the Due Process Clause.   *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014).

The allegation that Warden Harrington did not properly rule on Plaintiff's grievances—that Plaintiff was denied a meaningful right to be heard—does touch upon Fourteenth Amendment due process considerations, but state grievance procedures do not create a substantive liberty interest protected by the Fourteenth Amendment's Due Process Clause.   *See*

*Grieveson v. Anderson,* 538 F.3d 763, 772 (7th Cir. 2008).  Absent a protectable liberty interest, there is no right to procedural due process.  *See Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir. 2011).  Similarly, the failure of prison officials to follow their own rules and procedures is not, in and of itself, a constitutional violation.  *See Charleston v. Board of Trustees of University of Illinois at Chicago*, 741 F.3d 769, 773-74 (7th Cir. 2013).

Count 2 will be dismissed in its entirety, with prejudice.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, all claims against all Defendants in their official capacities are **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Defendant **RICHARD HARRINGTON** is **DISMISSED without prejudice** from **COUNT 1**, the Eighth Amendment medical claim.

**IT IS FURTHER ORDERED** that **COUNT 2**, the Fourteenth Amendment due process claim, is **DISMISSED with prejudice.**

**IT IS FURTHER ORDERED** that **COUNT 1**, the Eighth Amendment medical claim, shall otherwise **PROCEED** against Defendants **DR. RUPPERT, DR. F. FUENTES, DR. M. MOLDENHAUER and DR. STEVEN NWAOBASI**.

Because no claims remain against Defendant **RICHARD HARRINGTON**, the Clerk of Court shall have the record reflect that **HARRINGTON** is terminated as a defendant.

The Clerk of Court shall prepare for Defendants **DR. RUPPERT, DR. F. FUENTES, DR. M. MOLDENHAUER and DR. STEVEN NWAOBASI**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Philip M. Frazier for further pre-trial proceedings, including consideration of Plaintiff's motion for counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to*

*such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 2, 2015**

s/ STACI M. YANDLE
**United States District Judge**